RECEIVED
IN LAKE CHARLES, LA

MAY 2 2 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| ROLAND SMITH<br>DOC #535034 | CIVIL ACTION NO. 09-434-LC<br>SECTION P |
| VS. | JUDGE MINALDI |
| MEDICAL DEPARTMENT ALLEN<br>CORRECTIONAL CENTER, ET AL | MAGISTRATE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Roland Smith on March 16, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff complains that he received inadequate medical attention at ACC, and he names the following as defendants herein: ACC Medical Department, ACC Physician Barbara T'hart, and ACC Warden Terrell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims herein center around his medical care at ACC. More specifically, he states that in 2001 (apparently before his incarceration), he had by-pass surgery and was put on the medication Plavix. Plaintiff states that he was placed in LDOC custody in March 2008 and was transferred to ACC on April 21, 2008. He saw ACC physician T'hart on April 29, 2008, and was taken off of the Plavix as it was found that he no longer needed it. Sometime around August 2008, he states that blood work was done, and it was found that his triglycerides were high. Thereafter, on October 1, 2008, plaintiff states that he had a heart attack, after which it was found that he had 90% blockage in one of his arteries. Surgery was performed wherein a stint

was placed in the blocked artery. Plaintiff claims that the surgeon told him that Plavix would have broken up the clot or prevented it from forming.

Plaintiff complains that the ACC medical staff did not send him to a specialist (a cardiologist) prior to his October 1, 2008, heart attack. He further complains that he has not had follow-up treatment with a cardiologist in order to make sure that his arteries are not becoming clogged again. Plaintiff states that he has informed the ACC medical staff that he is having angina attacks but that the staff has just threatened to stop all of his medications and cancel all of his medical appointments.

As a result of the above, plaintiff seeks compensatory damages for damage done to his heart and for pain & suffering. He also asks for a transfer or release so that he can get proper medical treatment for his heart.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. School Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his Complaint should therefore be dismissed with prejudice.

## III. Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious

harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Tex.*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (emphasis added). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1991); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998). In *Woodall . Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather*, 958 F.2d. 91. Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321.

Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather,* 958 F.2d 91.

In the instant case, the information contained in plaintiff's complaint shows that plaintiff received medical treatment, including doctors' visits, testing, surgery, and medication. In addition, plaintiff provided a first step response (dated December 31, 2008) to one of his ARP's, which addressed his medical claims. Specifically, the response stated:

> A review of his medical records revealed that on April 29, 2008 the inmate was examined by Dr. T'Hart and his medication was adjusted due to examination and chest x-ray which revealed that the inmate had 'post op changes present but no evidence for active disease.' The Plavix was discontinued but the aspirin dosage was increased from 81 mg to 325 mg per day. This medication also is used as a blood thinner. . . . Inmate is currently on Plavix along with other medications typically prescribed for his current medical condition.

Doc. 1-3, at 9.

Plaintiff's allegations, at most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems. As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. *E.g. Shaw v. Murphy,* 532 U.S. 223, 121 S. Ct. 1475, 149 L. Ed. 2d 420 (2001). The decision regarding plaintiff's treatment is best left to the prison officials. The facts of this matter clearly do not demonstrate that the defendants "refused to treat him, ignored his complaints, intentionally treated [plaintiff] incorrectly or evince a wanton disregard for [plaintiff's] medical needs." *See Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001) (quoting *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985)). The evidence before the court simply does not support a finding of deliberate indifference. Accordingly, this

court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

**IV. Transfer Request**

Additionally, plaintiff requests a transfer from ACC. Plaintiff's claims in this regard must fail as plaintiff does not have a protected liberty interest in being incarcerated in any particular prison facility. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976).

## THREE STRIKES

Plaintiff has filed two previous civil actions that have been dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *Smith v. St. Tammany Parish Sheriff's Office*, 2:07-cv-3525 and *Smith v. McGuckin*, 2:07-cv-3989. After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous. Thus, the instant recommended dismissal constitutes a third strike against plaintiff pursuant to 28 U.S.C. § 1915(e), and it is recommended that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

## Conclusion

In accordance with the foregoing, IT IS RECOMMENDED that plaintiff's civil rights complaint be DENIED AND DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. §1915A(b)(1).

It is FURTHER RECOMMENDED that plaintiff be BARRED from filing further complaints *in forma pauperis* except for cases involving an imminent danger of serious physical injury in accordance with 28 U.S.C. § 1915(g).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in Chambers in Lake Charles, Louisiana, this 22nd day of May , 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE